PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LILY BELVY-HOLT, Executor of the Estate of Michael B. Holt, | CASE NO. 1:17CV2086 |
| Plaintiff, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| ROBERT WILKE,[1] ACTING SECRETARY OF VETERANS AFFAIRS, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | [Resolving ECF Nos. 4 and 7] |

## I. Background

*Pro Se* Plaintiff filed this Title VII action against the Secretary of Veterans Affairs ("VA") in October 2017, challenging the sufficiency of the damages awarded to her son by the VA on his discrimination claim. She asks the Court to revisit the issue of damages and award Holt's Estate an amount that more adequately reflects his lost wages and benefits, emotional pain and suffering, attorney's fees, and pre- and post-judgment interest.

Plaintiff is the executor of the Estate of Michael B. Holt ("Holt"). Holt worked as a nurse at the VA Medical Center. He initiated an employment discrimination action with the Equal Employment Opportunity Commission ("EEOC") against the VA in January 2013, alleging

---

[1] David J. Shulkin was the original Defendant. He was sued in an official capacity as a public officer. On March 28, 2018, Robert Wilkie became the Acting Secretary of the U.S. Department of Veterans Affairs. Pursuant to Fed. R. Civ. P. 25(d), Wilkie's name has been automatically substituted as a party.

racial, gender and disability discrimination, and hostile work environment. He died in August 2013. The VA failed to investigate his claim within the 180-day period required by the EEOC. In fact, they did not begin the investigation until after Holt's death. The VA issued a decision on the administrative claim, and Plaintiff appealed it to the EEOC's Office of Federal Operations ("OFO"). The OFO granted a default judgment in favor of Holt due to the VA's failure to investigate the claim within the 180-day period. The OFO remanded the case back to the VA for a computation of damages. The VA awarded Holt's Estate $2,000 in compensatory damages. Plaintiff has filed the above-entitled action challenging the award as "woefully inadequate." She asks the Court to revisit the issue of damages and order "appropriate relief." Complaint (ECF No. 1) at PageID #: 3, ¶ 15.

## II. Motion at Bar

Pending is Defendant's Motion to Dismiss (ECF No. 7) pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that Title VII, 42 U.S.C. § 2000e *et seq.*, does not permit a federal employee to seek review of just one part of the agency decision. *Pro Se* Plaintiff seeks review of only the award, but not the finding of liability. Defendant contends that this type of review is not permitted by the statute and this action should be dismissed. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Court grants Defendant's motion.

## III. Standard for Dismissal

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most

(1:17CV2086)

favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-36 (3d ed. 2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012).

3

(1:17CV2086)

## IV. Law and Analysis

As an initial matter, a party may plead and conduct her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654. A plaintiff may not appear *pro se* when interests other than her own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Therefore, an executor of an estate may not appear *pro se* when the estate has beneficiaries and creditors other than the litigant. *Id.* (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997)). Plaintiff has not demonstrated that the Estate has no creditors and she is the Estate's sole beneficiary. Therefore, it is not clear that she can proceed *pro se* on behalf of the Estate.

Furthermore, even if Plaintiff were able to proceed *pro se*, she cannot proceed with this claim as it is pleaded. Title VII draws a distinction between federal employee cases and private-sector cases. Pursuant to statute and regulations, the federal employing agency and the EEOC are empowered to enter final orders which are binding on the employing agency. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.101 *et seq.* In private-sector cases, the EEOC does not have the power to issue final decisions which are binding on the employer.

Because EEOC decisions are binding on federal employees and agencies, federal employee plaintiffs have two options to file suit after obtaining a decision from the EEOC. First, if the federal employee is unsatisfied with the EEOC decision, she may pursue a trial *de novo*. *Chandler v. Roudebush*, 425 U.S. 840, 846-47 (1976); *Scott v. Johanns*, 409 F.3d 466, 469 (D.C. Cir. 2005); *Abrams v. Johnson*, 534 F.2d 1226, 1227 (6th Cir. 1976); *Timmons v. White*, 314 F.3d 1229, 1233 (10th Cir. 2003). In a trial *de novo*, the slate is wiped clean and all issues,

(1:17CV2086)

including liability and damages, are decided anew by the District Court. Second, if the federal employee prevails in the administrative process, but does not receive the promised remedy, she may bring a civil action for enforcement of her remedies. *See Scott*, 409 F.3d at 469; *Herron v. Veneman*, 305 F. Supp.2d 64, 74-75 (D.D.C. 2004); *Wilson v. Pena*, 79 F.3d 154, 166 (D.C. Cir. 1996); *Moore v. Devine*, 780 F.2d 1559, 1563 (11th Cir.1986). In such enforcement suits, the only question before the Court is "whether the employing agency has complied with the administrative disposition." *Scott*, 409 F.3d at 469. *See Haskins v. U.S. Dep't of the Army*, 808 F.2d 1192, 1199 n. 4 (6th Cir. 1987) (holding that an enforcement action is valid only where a "federal employee has received a favorable determination at the administrative level").

There is no third option for federal employee plaintiffs under Title VII. The statute does not recognize an avenue for a partial *de novo* review, that is review of only the amount of the award. *Cook v. Geren*, No. 3:07-0637, 2008 WL 686220, *13-14 (M.D. Tenn. March 7, 2008); *see also Haskins*, 808 F.2d at 1199 n. 4; *Scott*, 409 F.3d at 467; *Massingill v. Nicholson*, 496 F.3d 382, 384 (5th Cir . 2007); *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005); *Morris v. Rumsfeld*, 420 F.3d 287, 293 (3rd Cir. 2005). Here, Plaintiff wants to keep the finding of liability in Holt's favor, but retry the issue of what damages are owed. That is not an available option. Therefore, this action is dismissed without prejudice for Plaintiff to decide whether she wants to keep the EEOC decision she has and collect the amount awarded to the Estate, or allow for consideration of the entire matter *de novo*, knowing she may not prevail in court on the issue of liability. *See Dellinger v. Potter*, No. 3:08-cv-00219, 2009 WL 2243834, at *8-9 (S.D. Ohio July 22, 2009) (concluding court is empowered to dismiss an improper enforcement claim

(1:17CV2086)

without precluding the filing of a proper complaint for *de novo* review).

### IV. Conclusion

Accordingly, Defendant's Motion to Dismiss (ECF No. 7) is granted, Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied as moot, and this action is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| April 24, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |